**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CYNTHIA EVANS,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF LABOR,<br>Agency. | DOCKET NUMBER<br>CH-0752-15-0179-I-1<br><br><br><br>DATE: May 3, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel D. Domozick, Esquire, Beachwood, Ohio, for the appellant.

Michelle Marie DeBaltzo, Esquire, Cleveland, Ohio, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which sustained her removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    As further detailed in the initial decision, the appellant held a Safety and Occupational Health Specialist position ("compliance officer"). Initial Appeal File (IAF), Tab 45, Initial Decision (ID) at 1. The position required responding to public complaints and conducting inspections in various workplaces. ID at 2. Beginning in August 2012, the appellant was absent from her position, citing health reasons. IAF, Tab 10, Subtab 4d at 1, 15. Over the following months, she exhausted all available leave and a period of leave without pay (LWOP), but failed to return to duty. *Id.* at 1-5, 15-16. The agency placed the appellant in an absence without leave (AWOL) status as of February 19, 2013. *Id.* at 5, 16. The agency then denied a request for reasonable accommodation on May 30, 2013. *Id.* For her subsequent and continuous AWOL, the agency proposed the appellant's removal. *Id.* at 1-7. The agency removed the appellant, effective December 1, 2013. IAF, Tab 10, Subtabs 4a, 4b.

¶3    The appellant filed the instant Board appeal, challenging her removal. IAF, Tab 1. After holding the requested hearing, the administrative judge sustained the action. ID at 27. She found that the agency met its burden of proof concerning the charge, nexus, and penalty, ID at 5-15, and the appellant failed to meet her burden concerning her numerous affirmative defenses, ID at 15-27. The

appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 6.

The agency's denial of additional LWOP was reasonable.

¶4      On review, the appellant does not dispute that she was absent for the period at issue and exhausted all of her available leave.  Her petition contains no arguments concerning proof of the charge, nexus, or reasonableness of the penalty, except to reassert that the agency should have granted her additional LWOP, rather than place her on AWOL.  PFR File, Tab 1 at 2-3, 8-11.  In part, she relies on new evidence in the form of a March 2016 decision from the Social Security Administration, which found her eligible for disability benefits, retroactive to August 2012.  *Id.* at 15-23.  We find no merit to this argument.[2]

¶5      It is well-settled that authorization of LWOP is within the agency's discretion.  *Sambrano v. Department of Defense*, 116 M.S.P.R. 449, ¶ 4 (2011).  However, the Board has held that, in cases involving medical excuses, it will examine the record as a whole to determine whether the agency's denial of LWOP was reasonable under the circumstances.  *Id.*  When an employee who is incapacitated for duty has exhausted all of her leave, an agency may deny LWOP when there is no foreseeable end to the employee's absence and the employee's absence is a burden to the agency.  *Id.*

¶6      While affirming the agency's AWOL charge, the administrative judge utilized the aforementioned standards and concluded that the agency's denial of LWOP was, in fact, reasonable.  ID at 7-10.

---

[2] Though not raised by the appellant, we note that the administrative judge mistakenly characterized the AWOL charge as encompassing all 832 hours of AWOL accrued between February 19 and August 5, 2013, the date the agency proposed her removal. ID at 5.  In fact, the proposal recognized all those hours, but specified that the agency was only charging the appellant for the 368 AWOL hours accrued between May 31 and August 5, 2013.  IAF, Tab 10, Subtab 4d at 6.  Nevertheless, we find the administrative judge's error harmless.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (recognizing that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶7    The administrative judge specifically considered the appellant's assertion that the agency should have granted additional LWOP while her disability retirement application was pending. ID at 10. However, she found no evidence that the appellant ever made such a request. *Id.* She further noted that the appellant did not submit her disability retirement application until well after the agency had denied her LWOP and placed her on AWOL. *Id.*

¶8    On review, the appellant asserts that she began exploring disability retirement and had her first-level supervisor complete an associated questionnaire prior to her placement on AWOL. PFR File, Tab 1 at 4-5; *see* IAF, Tab 10, Subtab 4d at 16, 56. However, she acknowledges that she did not submit the application until months later, in August 2013, around the same date as her proposed removal. PFR File, Tab 1 at 5; *see* IAF, Tab 10, Subtab 4d at 130. The appellant has failed to identify and we are aware of no requirement that the agency grant additional LWOP to an employee during months of deliberation over whether to file a disability application.

¶9    Although the appellant also has referenced the agency's LWOP policy, suggesting that it conflicts with the agency placing her on AWOL, we disagree. PFR File, Tab 1 at 8-9. The agency's policy specifically indicates that the granting of LWOP is discretionary. IAF, Tab 10, Subtab 4l at 22. While it does allow officials to grant LWOP pending final action by the Office of Personnel Management on a disability retirement claim, at their discretion, the policy does not specifically cover the appellant's situation, when she was AWOL but apparently still deciding whether to apply for disability retirement. *Id.*

¶10   Under these circumstances, we agree with the administrative judge's conclusion that the agency's denial of LWOP was reasonable—there was no foreseeable end to her absence and that absence was a burden to the agency. *See, e.g.*, *Sambrano*, 116 M.S.P.R. 449, ¶ 5-7 (finding that it was reasonable for an agency to deny LWOP when, inter alia, she was absent for more than a year and had not communicated to the agency when she planned to return to work);

*Bologna v. Department of Defense*, [73 M.S.P.R. 110](), 114-16 (finding that denial of LWOP was reasonable when, inter alia, the appellant's medical documentation gave no indication that she would be able to return to work at some future date), *aff'd*, 135 F.3d 774 (Fed. Cir. 1997) (Table). The appellant's new evidence, a Social Security Administration decision granting her disability benefits, does not warrant a different result. PFR File, Tab 1 at 15-23.

The appellant failed to prove her affirmative defenses.

¶11 Although the appellant presented additional affirmative defenses below, including age discrimination and reprisal for filing an Equal Employment Opportunity complaint, her arguments on review are limited to her race and disability discrimination claims. ID at 19-21; PFR File, Tab 1 at 11-13. Accordingly, this decision will be similarly limited. We find no basis upon which to reverse the administrative judge's findings on either the race or disability discrimination claims.[3]

¶12 Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. [5 U.S.C. § 7703](a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. [5 U.S.C. § 7703](b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[3] Because the administrative judge found that the appellant failed to show that either race or disability discrimination was a motivating factor in the removal action, we need not reach the question as to whether such discrimination was a but-for cause of the action. *See Pridgen v. Office of Management and Budget*, [2022 MSPB 31](), ¶¶ 20-24.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.